

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature]*

**United States Bankruptcy Judge**

**Signed October 27, 2010**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ANNA MARIE GONZALES, | § | CASE NO. 10-35766-SGJ-7 |
| | § | |
| Debtor. | § | |

### MEMORANDUM OPINION AND ORDER PERTAINING TO EMERGENCY MOTION FOR ORDER AUTHORIZING CHAPTER 7 DEBTOR TO SELL REAL PROPERTY

CAME ON FOR CONSIDERATION the Emergency Motion for Order Authorizing Sale of Real Property (the "Motion") filed by Anna Marie Gonzales (the "Debtor") on September 10, 2010.

**A. FACTS.**

1. The above-referenced Debtor filed a voluntary Chapter 7 bankruptcy case on August 20, 2010 ("Petition Date"). The Debtor listed in her Schedules a fee simple ownership interest in a house at 521 E. Reindeer Road, Lancaster, Texas with a value of $182,000, claiming it as her exempt homestead property

-1-

("Homestead").  The Homestead has no mortgage lien against it, and the Debtor purports to own it free and clear of any liens or encumbrances.

2. The Debtor appears to have filed her bankruptcy case solely due to $76,701 of unsecured credit card debt.  As mentioned, the Debtor has no mortgage debt, no tax debt scheduled, and no car loans.  The Debtor's Statement of Financial Affairs shows no lawsuits against her or recent repossessions.  The Debtor appears from the record to have been facing no imminent threats to her property when she filed the bankruptcy case.

3. The Debtor represents in her Schedule I that she is single and retired with no dependents.

4. The Debtor's first meeting of creditors was held and concluded on September 21, 2010.  The Chapter 7 Trustee has filed a report indicating that he views the Debtor's case as a "no asset" case.

**B.    REQUEST FOR RELIEF.**

5. A mere 21 days after filing her Chapter 7 case (prior to the Section 341 first meeting of creditors), the Debtor filed an emergency motion to sell her Homestead property ("Sale Motion") for a sale price of $185,000.  The Debtor entered into a purchase contract with the proposed purchaser shortly before the Petition Date, on July 16, 2010, with an amendment to the

contract thereafter executed on August 25, 2010 (five days after the Petition Date). The Debtor's basis for stating an "emergency" is that she may lose her purchaser if she does not act fast.

6. The Debtor further argues that she needs an order approving the Sale Motion as to this apparently exempt Homestead, because a title company will not close on a sale without a court order. In other words, the Debtor is essentially requesting a "comfort order" from the court, to assure the title company that it is permissible to go forward with the sale—notwithstanding the fact that the seller is the subject of a pending bankruptcy case.

7. The Debtor also argues that, while the general deadline for objecting to exemptions had **not** passed at the time of the filing of her Sale Motion, it has **now** passed, meaning no party-in-interest should have any argument or interest as to the Homestead. Specifically, the general deadline for objecting to exemptions in this case appears to have been October 21, 2010, pursuant to Bankruptcy Rule 4003(b)(1) (*i.e.,* 30 days after the Section 341 meeting of creditors was concluded). No party-in-interest has objected to the Debtor's exemptions. Moreover, as mentioned above, the Chapter 7 Trustee has recently filed a report indicating that he views this as a "no-asset" case.

**C.  THE PROBLEMS WITH THE RELIEF REQUESTED.**

8. The fact that the general deadline for objecting to

exemptions has passed, combined with the fact that the Chapter 7 Trustee has filed a report indicating that this is a "no-asset" case, would seem, at first blush, to suggest "no harm-no foul," and that there is good cause to give the Chapter 7 Debtor a comfort order from the bankruptcy court, "allowing" her to sell the Homestead and monetize her equity.

9. But this situation is more complicated than the Debtor here suggests.

10. First, Section 363 of the Bankruptcy Code is a tool only for a ***Chapter 7 Trustee*** to use in the context of a Chapter 7 case. It is not the Debtor's role (*i.e.,* a debtor is not the party with standing) to move to sell property of the estate in a Chapter 7 case—even if the general deadline for objecting to exemptions has elapsed and the property is perhaps no longer deemed "property of the estate." This is why the court instructed Debtor's counsel, at a hearing on the Sale Motion, to attempt to obtain a signature of the Chapter 7 Trustee on her proposed Order—indicating that the Trustee adopts and/or agrees to the Debtor's Sale Motion. Without the Chapter 7 Trustee's signature, the court indicated it would not sign an order approving the sale.

11. A second, significant reason that this is more complicated than the Debtor here suggests, is due to new Bankruptcy Code Section 522(q) and new Bankruptcy Rule 4003(b)(3)

-4-

(enacted as a result of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005; "BAPCPA"). This new BAPCPA provision and companion rule pose yet another technical problem for any debtor who wants, prior to the close of a bankruptcy case, to sell an allegedly exempt homestead in which the Debtor has more than $146,450 of equity.

12. First, Section 522(q) prevents an individual debtor from **exempting** in excess of $146,450 of an interest in a homestead if the debtor: (a) has been convicted of certain types of felonies and, under the circumstances, the court determines that the filing of the bankruptcy case was an abuse of Title 11; or (b) the debtor owes certain types of debts, including those arising from a violation of securities laws, fraud, deceit, manipulation in a fiduciary capacity, an intentional tort or willful or reckless conduct causing serious physical injury or death to another in the preceding five years, *etc.* (*see* list at Section 522(q)(1)).[1] Bankruptcy Rule 4003(b)(3) provides that any party-in-interest has until the "closing of a case" to assert an objection to a homestead based on Section 522(q) circumstances. Moreover Bankruptcy Rule 4003(b)(2) even permits a trustee to file an objection to exemption **after** a closing of

---

[1] Note that a debtor can seek to have the provisions of Section 522(q)(1) not apply by showing that the homestead "is reasonably necessary for the support of the debtor and any dependent." 11 U.S.C. § 522(q)(2).

the case under certain circumstances (*i.e.,* the circumstance of the debtor "fraudulently" asserting the claim of exemption).

13. The bottom line is, while the court is somewhat sympathetic to the Debtor's problems with the title company and her desire to monetize her equity in her homestead (and the court has no indication at this point that some party-in-interest may ultimately lodge a Section 522(q) objection before the end of the case), the Bankruptcy Code and Rules do not support what the Debtor is proposing here. Moreover, the court is somewhat disturbed that this situation may not be deserving of the description of "emergency." The Debtor filed bankruptcy almost immediately after signing the sale contract on her house. The Debtor apparently was not facing a foreclosure, repossession or other imminent harm when she filed her case. ***Once the Debtor triggered the remedy of bankruptcy, the court, the Chapter 7 Trustee, and other parties-in-interest are entitled to take the necessary time to review, administer, and take other action (as appropriate) in the bankruptcy case.*** It is not particularly fair or appropriate to tax the system with an "emergency"—when the Debtor could have either filed her case sooner or later, to more easily accommodate the time-table underwhich she wanted to sell her Homestead (there not being a foreclosure, repossession, or other dire circumstances triggering the timing of the bankruptcy)—and when the Debtor is likely only a couple of months

shy of her case being closed (*i.e.,* the Debtor may soon have a discharge, and the bankruptcy and court supervision will soon be concluded).

For the foregoing reasons, the court must deny the Motion. This is without prejudice to the Debtor: (a) submitting an Agreed Order Allowing Sale, ***signed off on by the Chapter 7 Trustee***; (b) filing a Section 554(b) motion[2] asking that the Chapter 7 Trustee be ordered to ***abandon*** the Homestead to the Debtor (prior to the case closing)—which the court can consider after notice to parties-in-interest and a hearing; (c) filing a motion to have the provisions of Section 522(q)(1) not apply to her, by showing that the homestead "is reasonably necessary for the support of the debtor and any dependent," 11 U.S.C. § 522(q)(2), or (d) filing a motion for an order to show cause why parties-in-interest should not be required to bring a Section 522(q) objection to the Homestead exemption, or any other non-time barred objection to the Homestead exemption, ***prior to the closing of the case*** or else such objections should be deemed waived (and, in connection with any such motion, perhaps certifying that none of the circumstances set forth in Section 522(q) exist with regard to the Debtor).

It is **SO ORDERED.**

---

[2] Unlike with Section 363, any party-in-interest may file a Section 554 motion.

### End of Order ###

### End of Order ###